IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KENNETH ARNOLD, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Civil Action No. 2: 16-cv-1299 |
| v. | ) ) ) | United States District Judge Nora Barry Fischer |
| R. GILMORE, et al., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two appeals[1] (ECF Nos. 15 and 16) filed by Plaintiff Kenneth Arnold ("Arnold" or "Plaintiff") requesting review of (1) the magistrate judge's Order dated September 29, 2016, which denied Plaintiff's request to obtain service by the U.S. Marshal without pre-payment of the service fees and (2) the magistrate judge's Text Order dated September 29, 2016, which denied without prejudice Plaintiff's request for appointment of counsel. Upon review of the matters raised by the appeals, the Court concludes that the Orders appealed from are neither clearly erroneous nor contrary to law. Therefore, Arnold's appeals will be dismissed.

**Standard of Review**

The Federal Magistrates Act, 28 U.S.C. §§ 631-639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord*

---

[1] The Court has construed Plaintiff's filings, which are entitled "Response to Denial of Motion to Obtain Service by U.S. Marshal Service Without Fees" and "Response to Denial of Motion to Appoint Counsel," as appeals to the district court.

Fed.R.Civ.P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

Both Orders entered on September 29, 2016, were for non-dispositive matters under 28 U.S.C. § 636(b)(1)(A). Thus, the Orders will not be disturbed unless found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 56, 573 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).

**Discussion**

First, the Court will discuss Arnold's objection to the Order denying his motion to obtain service by U.S. Marshal Service without fees. (ECF No. 15). Next, the Court will turn to Arnold's objection to the Order denying without prejudice his motion to appoint counsel. (ECF No. 16.)

A.   Order Denying Arnold's Motion to Obtain Service by U.S. Marshal Service Without Fees

In his motion, Plaintiff stated that his imprisonment limited his ability to effect service and that due to his financial condition, he was unable to afford the service process fees. In his objection, Plaintiff states that he "cannot afford to hire a private server" and that his imprisonment "greatly limits his ability to have any other person affect service." (ECF No. 15, at ¶¶3, 4).

As the magistrate judge explained, the fact that Plaintiff has been permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915 only permits for the waiver of the prepayment of the

2

filing fees, it does not provide for the payment of any other litigation expenses. In the absence of some express statutory legal authority, this Court cannot grant Plaintiff's request to waive service fees.

Further, 28 U.S.C. § 1915(d) specifically provides that "[t]he officers of the court <u>shall</u> issue and serve all process . . . ." The Court notes that on October 11, 2016, the magistrate judge provided Plaintiff with the requisite U.S. Marshal Form 285, and a notice and waiver of summons for each defendant. The forms are to be returned to the Court by Plaintiff on or before October 31, 2016, and the U.S. Marshal will be ordered to effectuate service. (ECF No. 14.) Plaintiff is advised that service will not be delayed pending payment of the service process fees.

The Court, therefore, concludes that the Order of the magistrate judge to deny Plaintiff's request to waive service fees was neither clearly erroneous nor contrary to law.

B.  <u>Order Denying Without Prejudice Arnold's Request for Appointment of Counsel</u>

At the time Plaintiff's motion for leave to proceed *in forma pauperis* was granted, Plaintiff was ordered to pay $34.25 as an initial partial filing fee as provided by 28 U.S.C. § 1915(b)(1)(A). Plaintiff was specifically advised that no further action would be taken in his case <u>until</u> the initial partial filing fee was paid in full. *See* Order of 9/22/2016. (ECF No. 4.) On that same day, the Court received Plaintiff's request for appointment of counsel. (ECF No. 8.) The magistrate judge denied the request without prejudice and Plaintiff was again informed that no further action would be taken in the case until the initial partial filing fee of $34.25 was paid in full.

On October 6, 2016, the initial partial filing fee was paid in full. (ECF No. 13.) Accordingly, should Plaintiff so desire, he may now renew his motion for appointment of counsel.

The Court concludes that the Order of the magistrate judge to deny without prejudice Plaintiff's request for appointment of counsel because the initial partial filing fee had not been paid was neither clearly erroneous nor contrary to law.

## Conclusion

For the reasons stated above, the Court concludes that neither the decision and Order of the magistrate judge denying Plaintiff's request to waive service fees nor the decision and Order of the magistrate judge denying without prejudice Plaintiff's request for appointment of counsel was clearly erroneous nor contrary to law. Accordingly, Plaintiff's appeals are **DENIED** and his objections **DISMISSED.**

So **ORDERED** this 13th day of October, 2016.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: KENNETH ARNOLD
GN-7646
SCI Forest
Post Office Box 945
Marienville, PA 16239

4